IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK BARBOA,

      Plaintiff,

v.                                                                                            Civ. No. 17-1222 GBW

NANCY A. BERRYHILL,
*Acting Commissioner of the*
*Social Security Administration*,

      Defendant.

## ORDER GRANTING REMAND

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency ("SSA") decision to deny Plaintiff Supplemental Security Income benefits ("SSI") and disability insurance benefits ("SSDI"). *Doc. 17*. For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action to the Commissioner for further proceedings consistent with this opinion.

### I. PROCEDURAL HISTORY

Plaintiff filed an initial application for SSI and SSDI on September 4, 2014. Administrative Record ("AR") at 20, 70. Plaintiff alleged that he became disabled on March 1, 2014 due to sleep apnea and knee, back, wrist, and feet impairments. AR at 211. His applications were denied on initial review on December 31, 2014 and again on reconsideration on February 21, 2015. AR at 70-107. Plaintiff then requested a hearing

1

before an Administrative Law Judge ("ALJ") on March 5, 2015. AR at 135-36. An ALJ held a hearing on October 12, 2016, and subsequently issued a decision on November 21, 2016, concluding that Plaintiff was not disabled. AR at 43, 20-35. Plaintiff appealed the denial of his applications to the Appeals Council, which declined review on October 18, 2017. AR at 1-5. Plaintiff filed suit in this Court on December 12, 2017, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800 (internal quotations omitted). "The record must demonstrate that the ALJ considered all of the evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

2

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotations omitted).

   III.   PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by (1) failing to incorporate Plaintiff's mental limitations into his RFC, (2) neglecting to properly consider the impact of obesity on Plaintiff's medically determinable impairments, (3) making a finding about Plaintiff's compliance with doctor's orders related to weight loss that is not supported by substantial evidence, (4) affording no weight to Dr. Guerrero's opinion, and (5) failing to support his finding that Plaintiff does not meet Listing 1.02. *See doc. 17* at 16-21. Defendant, in response, argues that: (1) the ALJ's RFC finding is supported by substantial evidence, (2) the ALJ properly considered Plaintiff's obesity in conjunction with his other impairments, (3) the ALJ's opinion is supported by substantial evidence, (4) the ALJ properly considered the medical source opinions, and (5) the ALJ reasonably found that none of Plaintiff's impairments met or equaled a listed impairment. *See doc. 19* at 4-15. Ultimately, the Court concludes that the ALJ's opinion must be remanded for failure to support his finding that Plaintiff's impairments do not meet or medically equal Listing 1.02. The Court does not reach the other issues.

   IV.   ALJ EVALUATION

   **A. Legal Standard**

For purposes of determining entitlement to SSI and SSDI benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); *id*. § 423(d)(1)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520.[1] If the Commissioner finds an individual disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) she is not engaged in "substantial gainful activity;" (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) her impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." *Id.* § 404.1520(a)(4)(i–iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [she] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and

---

[1] Plaintiff has applied for both SSDI and SSI benefits. The five-step test for determining disability is the same for both types of benefits, although the test is codified in two separate but identical sections of the Code of Federal Regulations. 20 C.F.R § 404.1520 governs SSDI; § 416.920 governs SSI. This order cites only to the regulations governing SSDI.

4

mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting SSR 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**B. The ALJ's Decision**

On November 21, 2016, the ALJ issued a decision denying Plaintiff's applications for benefits. *See* AR at 20-35. In denying Plaintiff's applications, the ALJ applied the five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 1, 2014. AR at 22. At step two, the ALJ determined that Plaintiff had the following severe impairments: chondromalacia in the knees bilaterally, obesity, degenerative disc disease of the lumbar spine with spondylosis, and a hernia. AR at 23. At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity" of one of the listed impairments. AR at 24.

At step four, the ALJ determined that through the date last insured, Plaintiff had

5

the RFC to perform light work with the following exceptions:

> [Plaintiff] can sit up to six hours intermittently through an eight-hour [] day and stand and walk up to one hour of each activity per eight hour day. He has limited use of feet for foot controls. He has frequent pushing and pulling and overhead reaching with both arms. He has frequent use of the hands for fingering, feeling and handling. He has occasional balancing and stooping with no kneeling, crouching, crawling, climbing of ramps, ladders, scaffolds.

AR at 27. Also at step four, the ALJ found that Plaintiff is unable to perform any past relevant work. AR at 31. However, at step five, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy, including document preparer, security system monitor, and touch-up screener. AR at 34. Therefore, the ALJ concluded that Plaintiff was not under a disability from March 1, 2014 through the date of his decision.

V.  **ANALYSIS**

**The ALJ committed reversible error by failing to discuss his reasons for finding that Plaintiff's impairments did not meet or medically equal Listing 1.02.**

At step three of the disability determination process, the ALJ must determine whether a claimant's impairment—or combination of impairments—meets or equals a listed impairment. If so, the inquiry ends, and the claimant is entitled to benefits. 20 C.F.R. § 404.1520(d). In his applications for benefits, Plaintiff alleged that he was disabled due to knee, back, wrist, and feet impairments, among others. AR at 211. In support, the ALJ found at step two that Plaintiff suffered from severe impairments, including chondromalacia in the knees bilaterally, obesity, degenerative disc disease of

6

the lumbar spine with spondylosis, and a hernia. AR at 23. However, for purposes of step three, the ALJ concluded, without explanation, that "the specified criteria required of [Listing 1.02] were not demonstrated by the available medical evidence[, particularly regarding] the degree of difficulty in performing fine and gross movements… or the degree of difficulty in ambulating[.]" AR at 24. The Court finds that the ALJ committed reversible error by failing to discuss his reasons for finding that Plaintiff's impairments did not meet or medically equal Listing 1.02 for major dysfunction of a joint.

> The Tenth Circuit has explained,
>
> the Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of … individual[s] . . . . Any such decision by the Commissioner of Social Security … which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

*Clifton*, 79 F.3d at 1009 (quoting 42 U.S.C. 405(b)(1)). In *Clifton,* the Tenth Circuit reversed a decision denying a Social Security claimant disability benefits because the ALJ "did not discuss the evidence or his reasons for determining that [the claimant] was not disabled at step three[,]" making the ALJ's decision a "bare conclusion . . . beyond meaningful judicial review." *Id. See also Henderson v. Astrue*, 383 F. App'x 700 (10th Cir. 2010) (remanding case and finding that the ALJ erred in failing to explain the basis for his conclusion that the plaintiff's impairments did not meet or medically equal a step three listing).

Additionally, in *Fischer–Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), the Tenth Circuit clarified that *Clifton* did not "reject the application of harmless error analysis." *Id.* at 733. Rather, a court may still affirm an ALJ's decision—despite the ALJ's failure to explain specific step three findings—when "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination" such that "[n]o reasonable factfinder could conclude otherwise." *Id.* at 734-35. However, in this case, the ALJ failed to discuss the particular evidence on which he relied or which he rejected and does not provide a meaningful explanation as to why he determined that Plaintiff's impairments do not meet or medically equal Listing 1.02. AR at 24. Instead, the ALJ abruptly concluded that "the evidence does not demonstrate" that Plaintiff "has the degree of difficulty in performing fine and gross movements . . . or the degree of difficulty in ambulating[.]" *Id*. This "bare conclusion" provides the Court with no guidance to perform a meaningful review of the ALJ's analysis. This lack of guidance is particularly concerning because there is abundant evidence of record to create a question as to whether Plaintiff's impairments met or medically equaled the criteria of 1.02.

Plaintiff may meet Listing 1.02 by presenting sufficient evidence that he suffers from:

> [G]ross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint

8

space narrowing, bony destruction, or ankylosis of the affected joint(s).
With:
A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
    or
B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02.

The ALJ held that Plaintiff could not meet Listing 1.02 because the evidence did not demonstrate that Plaintiff suffered from an inability to ambulate effectively or from an inability to perform fine and gross movements. AR at 24. To reiterate, the ALJ neither cited evidence that reveals Plaintiff's ability to ambulate effectively and perform fine movements, nor rejected evidence that demonstrates his inability to do so. *Id.*

"To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living . . . . [E]xamples of ineffective ambulation include, but are not limited to . . . the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation . . . and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(2).

9

The record is replete with evidence that might suggest Plaintiff is unable to ambulate effectively.[2] Plaintiff wears braces on both knees, suffers from knee weakness, and can feel his knee bones touching. AR at 49, 60. His knees swell monthly, and he must regularly elevate his legs as a result. *Id.* at 61. Plaintiff also testified that he can walk only twenty or thirty steps, and notices pain immediately when he begins walking. *Id.* at 51, 62. In addition, doctors have noted that Plaintiff has an antalgic or disturbed gait, knee swelling, and decreased range of motion. *Id.* at 288, 298, 302, 344-348, 394-97, 398-401, 481-85, 498. MRIs of Plaintiff's left knee also revealed "extensive fissuring and ulceration of the cartilage" and evidence of a radial tear. AR at 292. MRIs of Plaintiff's right knee revealed fissuring and loss of cartilage, a tear of the meniscal root, and joint effusion. AR at 293. Finally, Plaintiff is extremely obese, which likely increases the severity of Plaintiff's walking restrictions, as emphasized by Dr. Guerrero's notes which indicate that Plaintiff's obesity worsens his symptoms. AR at 281. Thus, there is sufficient evidence in the record to create a question as to whether Plaintiff met the criteria for Listing 1.02. In its Response, seeking to uphold the decision of the ALJ, the Commissioner provides post-hoc justifications for the ALJ's determination, citing to two exams in which Plaintiff exhibited a normal gait. *Doc. 19* at 6-7. However, the ALJ did not independently provide the reader with these exams as support for his finding during this stage of his analysis, and the Court is not persuaded

---

[2] The Court does not address Plaintiff's inability to perform fine and gross movements here, because a claimant need only qualify under A or B in order to meet Listing 1.02.

"that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way[.]" *Fischer–Ross*, 431 F.3d at 733–34 (quoting *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir.2004)). As such, the Court finds that remand is appropriate.

VI. CONCLUSION

Plaintiff has demonstrated that the ALJ erred in failing to explain the rationale for his step three finding. Accordingly, Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 17*) is GRANTED, and this case is REMANDED to the Commissioner for further proceedings consistent with the opinion.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
United States Magistrate Judge
**Presiding by consent**